IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-109-D
No. 7:11-CV-44-D

| | | |
|---|---|---|
| JOSEPH MICHAEL GUARASCIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 5, 2014, the court granted the government's motion for summary judgment concerning Joseph Michael Guarascio's ("Guarascio") motion to vacate his conviction for manufacturing child pornography. See Guarascio v. United States, 996 F. Supp. 2d 406, 409–12 (E.D.N.C. 2014). On September 29, 2014, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Guarascio's appeal. See United States v. Guarascio, 583 F. App'x 288, 288–89 (4th Cir. 2014) (per curiam) (unpublished). On June 1, 2015, the Supreme Court of the United States denied certiorari. See Guarascio v. United States, 135 S. Ct. 2379 (2015).

On September 14, 2015, Guarascio filed a motion for relief from summary judgment pursuant to Federal Rule of Civil Procedure 60(b). See [D.E. 56]. Essentially, Guarascio claims that his retained counsel botched Guarascio's section 2255 case by failing to respond to the government's motion for summary judgment. See id.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Under Rule 60(b), a movant first must

demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See, e.g., Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Guarascio's Rule 60(b) motion fails because he not demonstrated that he has a meritorious claim. As this court explained at length in its order granting summary judgment, Guarascio's counsel in his underlying criminal case was not constitutionally ineffective. See Guarascio, 996 F. Supp. 2d at 409–12. Moreover, Guarascio has failed to plausibly allege that the government will not be prejudiced or that exceptional circumstances warrant relief. Thus, Guarascio's Rule 60(b) motion fails.

In sum, the court DENIES Guarascio's Rule 60(b) motion [D.E. 56].

SO ORDERED. This 22 day of September 2015.

JAMES C. DEVER III
Chief United States District Judge