IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-109-D

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
JOSEPH MICHAEL GUARASCIO, )
)
Defendant. )

On October 13, 2020, Joseph Michael Guarascio ("Guarascio") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 112, 115, 116]. On December 31, 2020, the United States responded in opposition [D.E. 121]. As explained below, the court denies Guarascio's motion.

I.

On September 21, 2009, pursuant to a waiver of indictment and with a written plea agreement, Guarascio pleaded guilty to manufacture of child pornography. See [D.E. 1, 6–8, 16]. On February 9, 2010, the court held a sentencing hearing, addressed the objections, and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 22, 23, 25]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Guarascio's total offense level to be 38, his criminal history category to be I, and his advisory guideline range to be 235 to 293 months' imprisonment. See Sent. Tr. [D.E. 25] 6–24. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Guarascio to 180 months' imprisonment. See [D.E. 23] 2; [D.E. 25] 24–48.

On February 9, 2011, Guarascio moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 28, 29]. On July 23, 2013, the court dismissed in part Guarascio's motion [D.E. 39]. On February 5, 2014, the court granted the government's motion for summary judgment on the remaining claim, dismissed Guarascio's motion, and denied a certificate of appealability. See Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C. 2014); [D.E. 47, 48]. Guarascio appealed [D.E. 49]. On September 29, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Guarascio's appeal and denied a certificate of appealability. See United States v. Guarascio, 583 F. App'x 288, 288–89 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 52, 53]. On June 1, 2015, the Supreme Court of the United States denied Guarascio's petition for writ of certiorari. See Guarascio v. United States, 135 S. Ct. 2379 (2015). On September 14, 2015, Guarascio moved for reconsideration of the court's denial of summary judgment, or in the alternative, for relief from judgment [D.E. 56]. On September 22, 2015, the court denied Guarascio's motion. See Guarascio v. United States, Nos. 7:09-CR-109-D & 7:11-CV-44-D, 2015 WL 13648376, at *1 (E.D.N.C. Sept. 22, 2015) (unpublished); [D.E. 57]. Guarascio appealed [D.E. 58]. On December 22, 2015, the Fourth Circuit dismissed Guarascio's appeal. See United States v. Guarascio, 627 F. App'x 194, 195 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 61, 62]. On March 8, 2016, the Fourth Circuit denied Guarascio's petition for rehearing or rehearing en banc [D.E. 64]. Guarascio petitioned the Supreme Court for a writ of certiorari. See [D.E. 66]. On November 28, 2016, the Court denied Guarascio's petition. See [D.E. 67].

On February 8, 2017, the Fourth Circuit denied Guarascio's section 2244 motion to consider a second or successive application for relief under section 2255 [D.E. 68]. On May 2, 2018, the Fourth Circuit denied another section 2244 motion [D.E. 71].

On August 15, 2018, Guarascio moved for return of property [D.E. 72]. On December 6,

2

2018, the court denied Guarascio's motion [D.E. 78]. On December 18, 2018, Guarascio moved to vacate the court's order [D.E. 80]. On February 1, 2019, the court denied Guarascio's motion [D.E. 82]. Guarascio appealed [D.E. 83]. On March 5, 2019, the Fourth Circuit granted voluntary dismissal [D.E. 86]. On March 25, 2019, Guarascio moved for reconsideration [D.E. 88]. On May 7, 2019, the court denied Guarascio's motion [D.E. 91]. Guarascio appealed [D.E. 92]. On October 1, 2019, the Fourth Circuit affirmed the court's denial. See United States v. Guarascio, 778 F. App'x 248, 248 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 95, 96]. On November 11, 2019, the Fourth Circuit denied Guarascio's petition for rehearing and rehearing en banc [D.E. 98]. On January 29, 2020, Guarascio petitioned the Supreme Court for a writ of certiorari. See [D.E. 101]. On March 9, 2020, the Court denied the petition. See [D.E. 102].

On April 28, 2020, Guarascio moved for compassionate release under the First Step Act [D.E. 103]. On May 4, 2020, Guarascio moved to voluntarily dismiss his compassionate release motion [D.E. 104]. On July 8, 2020, the court dismissed without prejudice Guarascio's motion for compassionate release and motion for review and relief [D.E. 107]. Guarascio appealed [D.E. 108]. On December 22, 2020, the Fourth Circuit affirmed the court's dismissal. See United States v. Guarascio, 831 F. App'x 652, 653 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 118, 119].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

3

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy

---

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Guarascio's request for compassionate release, the government concedes that Guarascio has exhausted his administrative remedies. See [D.E. 121] 3; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Guarascio's claim on the merits.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

Guarascio seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Guarascio cites the COVID-19 pandemic and his chronic obstructive pulmonary disease ("COPD"), emphysema, other lung conditions, heart issues, hypertension, and mobility issues. See [D.E. 112] 1, 3, 5–6 & n.1, 8–10; [D.E. 112-1]; [D.E. 112-3]; [D.E. 115] 1–2; [D.E. 115-3]; [D.E. 116]. Guarascio also cites the conditions at FCI Oakdale, his rehabilitation efforts, his release plan, and that he served over 95% of his sentence. See [D.E. 112] 2, 4, 6, 10–12; [D.E. 112-6]; [D.E. 115] 2–3, 12–13; [D.E. 115-5].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Guarascio states that he suffers from COPD, emphysema, other lung conditions, heart issues, hypertension, and mobility issues, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Guarascio serves his sentence. Accordingly, reducing Guarascio's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Guarascio's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Guarascio's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

7

Case 7:09-cr-00109-D   Document 125   Filed 03/01/21   Page 7 of 9

Guarascio is 56 years old and engaged in serious criminal behavior in 2008. See PSR ¶¶ 3–7. A 14-year-old female reported that Guarascio sexually assaulted her by performing oral sex on her. See id. at ¶ 3. A subsequent investigation revealed 40 videos of child pornography on Guarascio's computer, including material involving prepubescent minors, sadism and masochism, and bestiality. See id. at ¶ 4. Guarascio also engaged in a consensual sexual relationship with a 17-year-old female, filmed them engaging in oral and vaginal intercourse, and later deleted the video. See id. at ¶¶ 3, 5. While incarcerated, Guarascio repeatedly attempted to contact the 17-year-old to convince her to marry him so she would not be required to testify against him at trial. See id. at ¶ 6. Moreover, Guarascio was previously convicted of five counts of misdemeanor impersonating a law enforcement officer and five counts of felony forgery of instrument. See id. at ¶¶ 9–10. While in BOP custody, Guarascio was sanctioned for possessing tobacco. See [D.E. 121-1]. Nonetheless, Guarascio has taken some positive steps while incarcerated. See [D.E. 112] 10–11; [D.E. 112-6]; [D.E. 115] 12; [D.E. 115-5]. The court also has considered Guarascio's exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Guarascio, the section 3553(a) factors, Guarascio's arguments, the government's persuasive response, and the need to punish Guarascio for his serious criminal behavior, to incapacitate Guarascio, to promote respect for the law, to deter others, and to protect society, the court declines to grant Guarascio's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Guarascio's request for home confinement, Guarascio seeks relief under the CARES Act. See [D.E. 112, 115]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Guarascio's request for home confinement.

## II.

In sum, the court DENIES Guarascio's motion for compassionate release [D.E. 112], and DISMISSES Guarascio's request for home confinement.

SO ORDERED. This 1 day of March 2021.

_____
JAMES C. DEVER III
United States District Judge