IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-109-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSEPH MICHAEL GUARASCIO, | ) | |
| | ) | |
| Defendant. | ) | |

On September 21, 2009, pursuant to a written plea agreement, Joseph Michael Guarascio ("Guarascio" or "defendant") pleaded guilty to manufacturing child pornography in violation of 18 U.S.C. § 2251(a) and (d). See [D.E. 6, 8]. On February 9, 2010, the court held Guarascio's sentencing hearing, resolved Guarascio's objections, and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 22, 23]; PSR [D.E. 109]; Sentencing Tr. [D.E. 25]. After granting the government's downward departure motion and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Guarascio to 180 months' imprisonment followed by a lifetime term of supervised release. See [D.E. 23] 2–3.

In his original special conditions of supervised release as set forth in the judgment, Guarascio had to "abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program." Id. at 4. That program no longer operates in the Eastern District of North Carolina. See [D.E. 142] 1. On January 14, 2022, Guarascio's probation officer requested that the court modify Guarascio's special conditions of supervised release by removing the above-stated condition and replacing it with a set of recommended conditions. See id. at 1–3. Guarascio objected to the new conditions and also requested a new sex-offender treatment provider. See id. at 1, 3–4.

On April 18, 2022, the court held a hearing. See [D.E. 158]. At the hearing, the court received evidence and heard argument concerning the probation officer's proposed new special conditions of supervised release and Guarascio's request for a new sex-offender treatment provider. For the reasons stated in open court and incorporated herein by reference, the court modifies Guarascio's special conditions of supervised release and denies Guarascio's request for a new sex-offender treatment provider.

The court finds that the modified special conditions of supervised release announced at the hearing and stated below are reasonably necessary in light of the nature and circumstances of the offense and relevant conduct (i.e., Guarascio performing sex acts on two minors, producing child pornography with one minor, and possessing a computer with 40 videos containing child pornography, see PSR ¶¶ 3–7; Sentencing Tr. [D.E. 25] 3–51), Guarascio's history and characteristics, Guarascio's probation officer's testimony, and the expert testimony presenting psychosexual evaluations of Guarascio. See, e.g., 18 U.S.C. §§ 3553(a), 3583(d)–(e); U.S.S.G. § 5D1.3(d)(7); Packingham v. North Carolina, 137 S. Ct. 1730, 1735–37 (2017); United States v. Hamilton, 986 F.3d 413, 419–24 (4th Cir. 2021); United States v. Ellis, 984 F.3d 1092, 1098–1105 (4th Cir. 2021); United States v. Van Donk, 961 F.3d 314, 322–28 (4th Cir. 2020); United States v. Wroblewski, 781 F. App'x 158, 162–64 (4th Cir. 2019) (per curiam) (unpublished).

In sum, the court MODIFIES defendant's special conditions of supervised release. Defendant no longer must "abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program." [D.E. 23] 4. Instead of that condition, and as stated at the hearing, defendant SHALL abide by the following special conditions of supervised release:

> 1. The defendant shall not possess any illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any

location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

2. The defendant shall participate in a sex-offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. Unless the court orders otherwise, the defendant shall take medication as prescribed by the treatment provider. Defendant can petition the court before having to take a prescribed medication.

3. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

4. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the U.S. Probation Officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

5. The defendant shall not use, possess, or control any computer-based counterforensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

6. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

7. The defendant shall not possess sadomasochistic/MASO bindings, restraints, and handcuffs.

8. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

9. The defendant shall not purchase, possess, or control any cameras, camcorders, or movie cameras without prior approval of the U.S. Probation Office.

10. The defendant shall not be employed in any position or participate as a volunteer

3

in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen (18).

11. The defendant shall not have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen (18) with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

12. The defendant shall not own, use, or have access to the services of any commercial mail receiving agency, post office box, or storage unit without prior approval from the U.S. Probation Officer. The defendant shall provide the U.S. Probation Officer with a list of all P.O. Boxes and/or storage units to which the defendant has access.

13. The defendant shall have no direct or indirect contact, at any time or for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

14. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

The court DENIES WITHOUT PREJUDICE defendant's request for a new sex-offender treatment provider. All other aspects of the judgment and defendant's conditions of supervised release remain the same.

SO ORDERED. This the 20 day of April, 2022.

JAMES C. DEVER III
United States District Judge

4